

FILED

MAR 1 6 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

**Matteo Patisso, pro per**
155 Chardonnay Drive
East Quogue NY, 11942
(516) 578-3456
MatteoPatissoNY@gmail.com

## UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

------------------------------------------------------- X

In re:

BRETT LIVINGSTONE STRONG,

                              *Debtor.*

------------------------------------------------------- X

Matteo Patisso, Assignee of Liquid Brick, Inc.,

                              *Plaintiff*,

v.

Brett Livingstone Strong, Stason Strong, Monique Strong, Jackson Strong Alliane, LLC, Carol King, Kings Auctions, Inc, Vinson Investments, Alain Vinson, David Lasco, Larry Hershfield, and John/Jane Does 1-20,

                              *Defendants.*

------------------------------------------------------- X

Case No. 1:05-bk-10137-MB

Chapter 7

Adversary Proceeding No.
[To Be Assigned]

## COMPLAINT FOR: (1) DECLARATORY JUDGMENT (FRBP 7001(9)); (2) QUIET TITLE / DETERMINATION OF INTERESTS IN PROPERTY (FRBP 7001(2)); (3) TURNOVER OF PROPERTY OF THE ESTATE (11 U.S.C. § 542(a)); AND (4) PERMANENT INJUNCTION

### JURISDICTION AND VENUE

1.    This Court has jurisdiction under 28 U.S.C. §§ 1334(b) and § 157(b)(2)(A), (C), (E), (K), and (O). This is a core proceeding under 28 U.S.C 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

### PARTIES

2.    Plaintiff Matteo Patisso is assignee of Liquid Brick, Inc. ("LBI"), good-faith purchaser for value under the March 21, 2007 Order Approving Sale of Personal Property Pursuant to 11

U.S.C. § 363 (Doc. 228) ("§ 363 Sale Order") and the related Bills of Sale from Chapter 7 Trustee David Seror and GMAC Commercial Finance, LLC.

3. Defendant Brett Livingstone Strong ("Debtor") is the chapter 7 debtor.

4. Defendant Stason Strong is the son of Debtor.

5. Monique Strong is the second ex-wife of Debtor Brett-Livingstone Strong.

6. Jackson Strong Alliance, LLC is a Nevada LLC formed in 2014.

7. Defendant Carol King is the sole principal owner of defendant Kings Auctions, Inc. and conducted unauthorized auction(s)/sale(s) of alleged estate property on October 13, 2024.

8. Vinson Investments, LLC ("*Vinson*") is a Texas based LLC

9. Alain Vinson is a member of *Vinson* and the nephew of *David Lasco,* co-member of Vinson.

10. Defendants David Lasco and Larry Hershfield possess or claim interests in MJ Art.

11. Plaintiff is informed and believes, and thereon alleges, that Defendants Does 1 through 20 are persons or entities who may claim an interest in the MJ Art but whose identities are presently unknown to Plaintiff despite diligent inquiry.

## FACTUAL ALLEGATIONS

12. Debtor filed chapter 7 on January 10, 2005. The case closed June 18, 2011.

13. On February 20, 2026, the Court reopened the case (Dkt. 268) to administer assets.

14. Between that period of time, Debtor willfully concealed the MJ Art from the estate by failing to schedule it on his original or amended schedules (including Schedules A/B and the Statement of Financial Affairs) despite having exclusive possession and control of the collection in Hangar 7, and other hangars, at the time of the January 10, 2005 filing and at all times thereafter.

15. This concealment continued through the 2007 § 363 sale and the 2011 case closure, as evidenced by Debtor's ongoing storage and dealings with the assets (including interactions

with third parties such as John LoCascio in May 2024 (cf *Affidavit of John LoCascio* filed in support of reopening, Doc. 276).

16.    Further compelling evidence of Debtor's continuous and willful concealment is found in a publicly available video interview and tour of the Hangar uploaded approximately seven months ago, titled "Touring Michael Jackson's $1 BILLION Personal VAULT." (cf YouTube: https://youtu.be/F5JYn_F5kj8). In that video, the Debtor personally admits (1) that he has maintained the Michael Jackson Art Collection in Hangar 7 the entire time since the petition date, (2) that Michael Jackson created numerous original works of art inside that hangar, and (3) that he maintains additional hangar space for the collection. These admissions constitute direct evidence of the Debtor's long-standing exclusive control over the assets and his ongoing concealment of estate property from this Court and the creditors.

17.    The Michael Jackson Art Collection ("MJ Art") consists of at least (a) 127 original physical works, including 78 in Debtor's possession at Santa Monica Airport, Hangar 7 (and others), in Santa Monica, California (leased solely in Debtor's name) and 49 in possession of Larry Hershfield ("Museum Collection"); (b) 101 alleged reproductions in the possession of Defendants Carol King, Kings Auctions, Inc, Alain Vinson, Vinson Investments, LC and/or Defendant David Lasco, its managing member), and (c) related intellectual property ("I.P."). These assets were unscheduled by Debtor but remained in Debtor's possession and control at the time of filing.

**CHAIN OF TITLE DEMONSTRATES MISAPPROPRIATION OF ESTATE PROPERTY**

18.    According to documents referenced in Doc. 261 (**Exhibit C**), including the December 11, 1989 Memorandum of Agreement re: Jackson-Strong Alliance, the partnership allegedly

terminated or wound up on or about December 11, 2004, resulting in alleged reversion of certain interests to Debtor (cf § **8.4** of *JSA Agreement*).

19. On October 20, 2005, the Court converted BLS's Chapter-11 to Chapter-7 (Doc. 182).

20. On December 12, 2005 BLS listed MJ on his *Amended Creditors' Schedule* (Doc 193).

21. MJ was timely served on December 20, 2005 (Doc. 194), thereby rendering the MJ Art an undisclosed asset (11 U.S.C. §541(a)(1)) and, therefore, property of the estate, notwithstanding that the assets were not scheduled, administered, or abandoned under 11 U.S.C. § 554(d). MJ failed to file a proof of claim under Bankruptcy Rule 3002(c), barring claims (11 U.S.C. § 502(b)(9)) precluding successors-in-interest like the MJ Estate or Jackson family, in privity with Jackson, from asserting rights, bound by the discharge provisions. On March 21, 2007 this court entered the *11 U.S.C. § 363 Sale Order*.

22. On March 3, 2007 the U.S. Trustee filed a *Motion to Sell Property Free and Clear to Liquid Brick, Inc* (Doc. 222).

23. Under 11 U.S.C. § 541(a), Debtor's legal/equitable interests became estate property. Debtor's possession and control of the MJ Art in his leased Hangar 7 (and others) created a presumption that it was property of the estate, analogous to the presumption applied in *In re Art & Architecture Books of the 21st Century* (Ace Gallery), Case No. 2:13-bk-14135-RK (Bankr. C.D. Cal.), where debtor possession of artwork triggered an estate presumption requiring third parties to timely prove superior title via claims or adversary proceeding.

24. The MJ Art was never abandoned under § 554(d) (no trustee/court order; no literal scheduling per § 521(a) for § 554(c) automatic abandonment; *In re Stevens*, 15 F.4th 1214 (9th Cir. 2021); *In re Cusano*, 264 F.3d 936 (9th Cir. 2001): unscheduled assets remain estate property indefinitely).

25.   The § 363 Sale Order (Doc. 228) approved sale of estate personal property free and clear to LBI, incorporating Trustee/GMAC Bills of Sale.  MJ Art was included as unscheduled/non-abandoned estate property.

26.   LBI purchased as good-faith purchaser under § 363(m) (finality protection; no appeal/stay; MJ served but silent for failing to file a proof of claim);

27.   Unauthorized sales and transfers continue, including the October 13, 2024 auction by Defendants Carol King and Kings Auctions, Inc., which sold six works from the MJ Art. Debtor continues to possess at least 78 original MJ sketches in Hangar 7 (and others).

28.   These actions cause irreparable harm to Plaintiff's title, ownership rights, and the value of the MJ Art, as dissipation of unique and irreplaceable assets cannot be adequately remedied by monetary damages alone. Plaintiff therefore seeks to preserve the status quo pending resolution, including padlocking and sealing Hangar 7 and turnover of the assets.

## DEBTOR IS JUDICIALLY ESTOPPED FROM ASSERTING ANY INTEREST IN THE MJ ART CONTRARY TO ITS STATUS AS UNSCHEDULED ESTATE PROPERTY

29.   Debtor omitted the MJ Art from his schedules despite knowledge of its existence and exclusive possession/control in Hangar 7 (and others) at filing, obtained a discharge in reliance on those incomplete filings, and now seeks to reclaim it post-closure through alleged reversion claims.

30.   This inconsistent position, taken with knowledge and motive to conceal a valuable asset from creditors and the Trustee, bars Debtor from benefiting from the omission. (*Ah Quin v. County of Kauai Dep't of Transp.*, 733 F.3d 267 (9th Cir. 2013); see also *In re De Smidt*, BAP No. 24-1071 (9th Cir. BAP Mar. 19, 2025)).

## LACHES IS NOT A GATEKEEPER FOR REOPENING / ADVERSARY PROCEEDING

31.   *In re Staffer*, 306 F.3d 967, 972 (9th Cir. 2002) is dispositive.  The debtor argued laches barred a creditor's motion to reopen after six years to file a § 523(a)(3)(B)

nondischargeability complaint. The Ninth Circuit held that laches is irrelevant to the reopening motion under § 350(b). Reopening is a narrow administrative act. Any laches defense must be litigated on the merits inside the adversary proceeding itself. The court expressly rejected collapsing the issues: "the better practice is the procedurally correct one of requiring merits issues to be left to the underlying litigation."

32.     The Central District follows Staffer strictly. Debtor, et al, cannot use laches to prevent the court from reaching the merits of the § 363 sale finality or § 554(d) estate-property status. Any laches defense prompts a *Motion to Strike* it as an improper gatekeeper argument.

33.     **Even on the merits, laches fails here.** Debtor concealed the MJ Art (unscheduled despite possession/control at Hangar 7 (and others) per LoCascio Affidavit [Doc 276] and provenance documents), excusing any delay (see In re Beaty, 306 F.3d 914 (9th Cir. 2002) [laches inapplicable where debtor's nondisclosure caused delay]). No material prejudice exists: key evidence remains available, and turnover under § 542(a) accounts for value regardless of current possession. In reopened cases involving unscheduled assets, laches rarely bars recovery (see *Rynda v. Chapin (In re Rynda)*, BAP No. NC-11-1312 (9th Cir. BAP Jan. 30, 2012) [laches not barring § 542 turnover of concealed refunds years later]).

### FIRST CLAIM: DECLARATORY JUDGMENT (FRBP 7001(9))

34.     Plaintiff incorporates paragraphs 1-33.

35.     An actual controversy exists between Plaintiff and Defendants regarding ownership and title to the MJ Art. Plaintiff is entitled to a declaration that (a) Debtor had an affirmative duty under 11 U.S.C. § 521(a)(1)(B)(i) to schedule the MJ Art (including the 127 original works that was in his exclusive possession then (78 now) and control at Santa Monica Airport, Hangar 7 (and others), Santa Monica, California, leased in his name) on Schedules A/B as property of the estate under § 541(a)(1) as of October 20, 2005, when the Court converted

Debtor's Chapter-11 to Chapter-7 (Doc. 182), (b) Debtor's failure to do so constituted willful concealment of estate property, notwithstanding any listing on the Statement of Financial Affairs or creditor notices (*In re Stevens*, 15 F.4th at 1219; *Cusano*, 264 F.3d at 945-46); and (c) such concealment estops Debtor from denying the assets' estate status or asserting adverse title now (Ah Quin, 733 F.3d 267).

36.   The MJ Art was unscheduled and non-abandoned estate property under § 554(d), included in and sold free and clear under the § 363 Sale Order, and that Plaintiff, as assignee of the good-faith purchaser, holds superior title pursuant to § 363(m).

**SECOND CLAIM: QUIET TITLE / DETERMINATION OF INTERESTS (FRBP 7001(2))**

37.   Plaintiff incorporates paragraphs 1-36.

38.   Defendants claim adverse interests in the MJ Art that cloud Plaintiff's title. Plaintiff is entitled to a determination of the federal supremacy of law, validity, priority, and to quiet title in Plaintiff's favor and against any post 2007 perceived successor-in-interest.

**THIRD CLAIM: TURNOVER (11 U.S.C. § 542(a))**

39.   Plaintiff incorporates paragraphs 1-37 or control of property of the estate that was sold to LBI under the § 363 Sale Order. Pursuant to 11 U.S.C. § 542(a), Defendants must turn over the 78 MJ Artworks in Debtor's possession, 49 MJ Artworks in Lawrence Hershfield's possession, 101 alleged reproductions in Carol King's and/or Kings Auctions, Inc and/or David Lasco's possession or dominion and the six works sold at the October 13, 2024 auction.

**FOURTH CLAIM: PERMANENT INJUNCTION**

40.   Plaintiff incorporates paragraphs 1-38.

41.   Plaintiff will suffer irreparable harm absent injunctive relief, as further sales or transfers would dissipate unique assets with no adequate remedy at law. The balance of equities favors

Plaintiff, a good-faith purchaser who relied on the finality of the § 363 Sale Order, and the public interest favors enforcement of bankruptcy sale finality under § 363(m).

42.     Permanent injunction enjoining further sales/transfers and reproductions is necessary; padlock/seal Hangar 7; and authorize U.S. Marsal enforcement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Matteo Patisso, as assignee of Liquid Brick, Inc. and good-faith purchaser under the March 21, 2007 Order Approving Sale of Personal Property Pursuant to 11 U.S.C. § 363 (Dkt. 228), respectfully prays that this Court enter judgment in his favor and against all Defendants, jointly and severally, as follows:

### A.     <u>Declaratory Judgment.</u>

A declaratory judgment pursuant to Federal Rule of Bankruptcy Procedure 7001(9) and 28 U.S.C. § 2201 declaring that:

1.  Declaratory judgment that Debtor breached his duty under § 521(a)(1) by failing to disclose/schedule the MJ Art held in Hangar 7 and elsewhere, resulting in willful concealment of estate property.

2.  The Michael Jackson Art Collection ("MJ Art")—comprising (i) 127 original physical works (78 sketches in the Debtor's possession at Hangar 7, Santa Monica, California, and 49 works in Defendant Lawrence Hershfield's possession, aka the "Museum Collection"), (ii) 101 alleged reproductions in Defendant Carol King, and/or Kings Auctions, Inc, and/or David Lasco's possession/dominion, and (iii) all related intellectual property—**became property of the bankruptcy estate on October 20, 2005 when the Court converted BLS's Chapter-11 to Chapter-7 (Doc. 182) pursuant to 11 U.S.C. § 541(a)**;

3. That the MJ Art was never scheduled, administered, or abandoned by the estate under 11 U.S.C. § 554(c) or (d) and remains estate property;

4. The § 363 Sale Order (Dkt. 228) and the accompanying Bills of Sale from the Chapter 7 Trustee and GMAC validly conveyed full legal and equitable title to the MJ Art to Liquid Brick, Inc. free and clear of all liens, claims, encumbrances, and interests of any kind; and

5. Plaintiff, as assignee of Liquid Brick, Inc. and protected good-faith purchaser under 11 U.S.C. § 363(m), holds clear, marketable, and superior title to the entire MJ Art against the Debtor, all named Defendants, any John/Jane Does, and all successors-in-interest (including but not limited to the Michael Jackson Estate or Jackson family members).

### B.    Quiet Title / Determination of Interests in Property.

An order and decree pursuant to Federal Rule of Bankruptcy Procedure 7001(2) quieting title to the MJ Art in Plaintiff and determining that Defendants Brett Livingstone Strong, Stason Strong, Carol King, Kings Auctions, Inc., David Lasco, Larry Hershfield, and John/Jane Does 1-20 (and all persons claiming by, through, or under them) have no right, title, estate, lien, claim, or interest whatsoever in the MJ Art, and that any such adverse claims are extinguished.

### C.    Turnover of Property of the Estate.

An order pursuant to 11 U.S.C. § 542(a) compelling Defendants (and any persons acting in concert with them) to immediately turn over and deliver to Plaintiff, or Plaintiff's designated agent:

1. All 78 original sketches and any other original works currently in the possession or control of Debtor at Hangar 7, Santa Monica, California (or wherever located);

2. The six works sold at the unauthorized Kings Auction on October 13, 2024, together with any proceeds of sale ($60,000), traceable assets, or, if the works have been resold, their FMV;

3. The 49 works comprising the "Museum Collection" in the possession of Defendant Larry Hershfield or any other Defendant;

4.    All 101 alleged reproductions in the possession of Defendants Carol King, Kings Auctions, Inc., or David Lasco; and

5.    All related documents, certificates of authenticity, contracts, and intellectual property rights.

### D.    Permanent Injunction.

A permanent injunction pursuant to 11 U.S.C. § 105(a) and the Court's inherent equitable powers enjoining Defendants, their officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them from:

1.    Selling, offering for sale, transferring, assigning, encumbering, concealing, damaging, or otherwise disposing of any portion of the MJ Art or related intellectual property;

2.    Conducting any further auctions, private sales, or transactions involving the MJ Art; and

3.    Interfering in any manner with Plaintiff's ownership and possession of the MJ Art.

4.    Reproducing any of the MJ Artworks.

The **INJUNCTION** shall **FURTHER** provide that:

5.    Hangar 7 at Santa Monica Airport (and any other location where MJ Art is stored) shall be immediately padlocked and sealed to preserve the status quo pending turnover; and

6.    The United States Marshal for the Central District of California (or such other officer as the Court may designate) is authorized and directed to enter the premises, seize the MJ Art, enforce the padlock/seal order, and deliver possession to Plaintiff or Plaintiff's agent.

### E.    Costs and Additional Monetary Relief.

1.    An award of Plaintiff's costs of suit pursuant to Federal Rule of Bankruptcy Procedure 7054 and 28 U.S.C. § 1920 (no attorney's fees are sought, as Plaintiff appears pro se);

2.    An accounting by all Defendants of every sale, transfer, or disposition of any MJ Art item since the March 21, 2007 § 363 Sale Order, including purchaser identities, amounts received, and current location of proceeds or replacement assets; and

3.  Pre- and post-judgment interest on any monetary component at the maximum legal rate.

### F.  Other and Further Relief.

Such other and further relief as this Court may deem just and proper, including but not limited

to the imposition of a constructive trust on any proceeds or assets traceable to unauthorized sales of

the MJ Art.

Dated:  March 13, 2026

155 Chardonnay Drive
East Quogue, NY 11942
(516) 578-3456
MatteoPatissoNY@gmail.com

### CERTIFICATE OF SERVICE

I, Matteo Patisso, pro per, hereby certify under penalty of perjury pursuant to 28 U.S.C. §

1746 that on March 13, 2026, a true and correct copy of the foregoing Complaint was served by ECF

upon the following Defendants and interested parties:

**Brett Livingstone Strong** (Debtor)
3100 Donald Douglas Loop North #4
Santa Monica, CA 90405

**Stason Strong**
3100 Donald Douglas Loop North #4
Santa Monica, CA 90405

*Jackson Strong Alliance, LLC*
3100 Donald Douglas Loop North #4
Santa Monica, CA 90405

**Robert Ross, Esq Atty for Defendant Monique Strong**
16133 Ventura Blvd (# 585)
Encino CA 91436
(818) 788-7007
rross@khrlaw.com

**Carol King and Kings Auctions, Inc.** c/o Carol King
9903 Santa Monica Blvd.
Beverly Hills CA 90212
(310) 857-8367
sales@kings-auctions.com

**David Lasco**
8131 El Paseo Grande
La Jolla, CA 92037

**Gregory D Hagen, Esq,** Attorney for Vinson Investments, LLC and Alain Vinson
440 Stevens Ave (Ste 200)
Solana Beach, CA 92075
(619) 787-8433 gregory@ghagenlaw.com

**Bruno Wolfenzon, Esq.** (SBN 140809), attorney for defendant **Larry Hershfield**
4370 La Jolla Village Drive (Ste. 460)
San Diego, California 92121
Telephone (858) 646-0071

**United States Trustee for Region 16**
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90017

**John/Jane Does 1-20** (at addresses to be determined upon identification)

I further certify that, upon issuance of the Summons by the Clerk of Court, I will promptly complete formal service of process of the Summons and Complaint upon all Defendants in strict compliance with Federal Rule of Bankruptcy Procedure 7004 and Local Bankruptcy Rule 7004-1 (including certified mail where required for individuals and corporations). An updated Certificate of Service confirming completed service will be filed promptly thereafter.

Dated: March 13, 2026

_Matteo Patisso, pro per_

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

RECEIVED
MAR 16 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

| PLAINTIFFS Matteo Patisso | DEFENDANTS Brett-Livingstone Strong, Stason Strong, Jackson Strong Alliance, LLc, et Al |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) Matteo- Patisso, Proper 155 Chardonnay Dr E. Quogue NY 11942 (516) 578-3456 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| □ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    ☑ Other<br>□ Trustee | ☑ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

① Declaratory Judgment FRBP 7001(9)   ④ Injunction
② Quite title 7001(2)
③ Turnover of Property 11 USC 542(A)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☑ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☑ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  Brett Livingstone Strong | BANKRUPTCY CASE NO.  05-10137 | |
| DISTRICT IN WHICH CASE IS PENDING  Los Angeles - San Fernando Valley | DIVISION OFFICE  San Fern. Valley | NAME OF JUDGE  Martin Barash |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.